(8 App. Div. 96)

### KUMBERGER et al. v. CONGRESS SPRING CO.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

CONTRACTS—INTERPRETATION.

A contract to furnish and place in a building a gas engine with certain power, with all necessary connections, leaving the engine in satisfactory working order, does not require the party putting up the engine to furnish a foundation for it.

Appeal from circuit court, Saratoga county.

Action by Herman J. Kumberger and Joseph H. Clements against the Congress Spring Company, on a contract. From a judgment for $912.10 damages and costs, entered on a verdict in favor of plaintiffs, defendant appeals. Affirmed.

The action was to recover upon the following contract:

"New York, Feb. 27th, 1894.

"The Congress Spring Company, Saratoga Springs, N. Y.—Gentlemen: We herein propose to furnish, and erect in your building at above address, one White & Middleton gas engine, of six (6) actual horse power, put up complete, including all necessary connections, such as gas, water, and exhaust piping, required to complete the job, leaving engine in satisfactory working order, and ready for driving belt, for the sum of seven hundred dollars ($700), payable thirty (30) days after satisfactory completion of contract. All work performed as herein described, and engine guarantied free from flaws and defects in workmanship and materials for the term of one year from completion of contract. We also guaranty the power of this engine to be six (6) actual horse power delivered to belt.

"Respectfully, yours,          Kumberger & Clements."

It was then and there accepted by the defendant as follows:

"We accept the above proposition to furnish and erect engine as fully described. Please proceed with the work as quickly as possible.

"C. D. Thurber.

"Secretary Congress Spring Company."

Defense, nonperformance by plaintiffs.

The plaintiffs erected the engine pursuant to the contract, provided the contract did not require them either to construct a more stable foundation, or notify the defendant to do so. Afer the engine had been in operation a

day or two, it ceased to work satisfactorily, owing to the fact that its foundation was not solid. The plaintiffs placed it upon the ground floor of the defendant's building. This floor is made of planks 1¼ inch thick, laid upon and nailed to stringers 2 inches by 4, 2 feet apart, imbedded flatwise in the sand. There was a brick floor in another part of the same room, and the plaintiffs proposed to place the engine there, but the defendant directed it to be placed where the plaintiffs put it. The engine is of metal,—mostly iron,—and weighs 2,200 pounds. It has a large iron base, 5 feet 6 inches long by 22 inches wide, the base standing on the floor. It is propelled by a series of gas explosions, which cause a jar at each explosion. The event shows that there ought to be a more stable foundation for the engine. The plaintiffs never saw the building until they brought the engine there. The plaintiffs did not examine the floor, but were told by one of the defendant's servants how it was constructed.

Argued before PARKER, P. J., and PUTNAM, HERRICK, MERWIN, and LANDON, JJ.

E. T. Brackett, for appellant.
C. S. Lester, for respondents.

LANDON, J. We agree with the learned trial court that the defendant was required by the contract to furnish the foundation upon which to place the engine. It did this. The plaintiffs, when they made the contract, had no notice that the foundation would require any care from them in respect to its solidity, and the contract imposed no obligation upon them in that respect. It is reasonable to suppose that, if such a requirement was to be made of them, the contract would have mentioned it. The contract does specify that the engine should be erected in defendant's building; that is, in the place therein to be designated by the defendant, which place the defendant did designate. The floor proved to be unstable. It was not obviously so at the time the engine was erected, and there is no suggestion of bad faith on the part of the plaintiffs in erecting the engine in a place they knew to be unfit. The difficulty is one which might have been avoided by a proper provision in the contract, but the plaintiffs, at the time of making it, had no knowledge about the floor; and the defendant, no apprehension of its instability. The defendant having agreed to find the place, and having found it, it is its fault or misfortune that it proves unsuitable. The objections to the admission of evidence we do not think well taken.

The judgment should be affirmed, with costs. All concur.